NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA M. JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>JORA CREDIT HOLDINGS, LLC, *doing business as* JORA, INC.<br><br>Defendant. | Case No. 2:19-cv-06580<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violations Of The Telephone Consumer Protection Act Pursuant To 47 U.S.C. § 227;**<br><br>**2. Violations Of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 Et Seq.;**<br><br>**3. Invasion of Privacy-Intrusion Upon Seclusion;**<br><br>**4. Exemplary damages, Cal. Civ. Code §3294(a)**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**NOW COMES** Rebecca M. Jimenez ("Plaintiff"), by and through her attorneys, Wajda Law Group, APC ("Wajda"), complaining as to the conduct of Jora Credit Holdings, LLC, doing business as Jora, Inc.("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant 47 U.S.C. § 227, violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, violations of Invasion of

Privacy, intrusion upon seclusion, and Exemplary Damages pursuant to Cal. Civ. Code §3294(a) for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§1331, and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California, and Plaintiff resides in the Central District of California.

## PARTIES

4.  Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.  Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant uses the mail and/or telephone for the principal purpose of collecting high interest loans from consumers on a nationwide basis, including consumers in the State of California.

6.  Upon information and belief, Defendant Jora Credit Holdings, LLC contacts debtors of Jora, Inc. in attempts to collect debts owed to Jora Inc., or is otherwise personally and directly involved in Jora Inc.'s collection attempts.

7.  Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8. On or around July 2018, Plaintiff applied for and obtained an installment loan of $2,600 ("subject debt") with an annual interest rate above 180% from Defendant.

9. Plaintiff was making timely payments on the subject debt until she fell on financial hardship due to the high interest rate.

10. In April 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (323) XXX-7314.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 7314. Plaintiff is and always has been financially responsible for her cellular phone and its services.

12. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. Defendant demanded that Plaintiff make an immediate payment on the subject debt. In that call, Plaintiff explained to Defendant that she was in the process of filing for bankruptcy. Plaintiff provided Defendant her attorney's contact information and demanded that Defendant cease calling her and only communicate with her attorney.

13. Despite requesting Defendant to cease calling her cellular telephone and to only contact her attorney, Defendant continued calling Plaintiff directly; knowing Plaintiff was represented by an attorney.

14. Many times, Defendant called Plaintiff multiple times in one day and on back to back days.

15. Notwithstanding Defendant's lack of prior consent and Plaintiff's request that Defendant's collection calls cease, Defendant unconscionably placed or caused to be placed numerous calls to Plaintiff's cellular telephone between April 2019 through the present day, in an attempt to collect on the subject debt.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. In the calls that Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the payday loan industry to collect defaulted debts.

21. The phone numbers that Defendant most often used to contact Plaintiff were (714) 352-0252, (714) 361-9257, (714) 361-9269, and (714) 408-2707, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

**DAMAGES**

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Plaintiff has expended time with her attorneys as a result of Defendant's conduct.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, and the pre-recorded messages requesting Plaintiff to call Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

31. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Upon information and belief, the phone system Defendant used to place calls to Plaintiff's cellular phone has the capacity to dial numbers randomly or sequentially.

33. Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiff's cellular telephone from April 2019 through the present day, using an ATDS without her prior consent.

34. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

36. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

37. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

38. Defendant, through its agents, representatives, subsidiaries, vendors, third-party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

39. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, REBECCA M. JIMENEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a.    Violation of Cal. Civ. Code § 1788.11(d)**

44. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

45. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling and that she was represented by an attorney. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demands was done with the purpose of annoying Plaintiff into paying the subject debt.

46. Moreover, Defendant was told clearly to stop calling Plaintiff's cellular telephone and that she was represented by an attorney.

47. Defendant disregarded these requests, and continued its calls to Plaintiff, with the goal of frustrating Plaintiff into paying the subject debt.

48. Defendant called Plaintiff with such frequency and consistency as to be unreasonable and constitute harassment of Plaintiff.

    **b.    Violations of RFDCPA § 1788.11(e)**

49. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

50. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing her.

51. Furthermore, Defendant relentlessly contacted Plaintiff numerous times in one day and on back to back days, up to 4 times in one day. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

52. Upon being told to stop calling and that Plaintiff was represented by an attorney, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, REBECCA M. JIMENEZ respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoining Defendant from continuing to call Plaintiff;

c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

f. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – INVASION OF PRIVACY—INTRUSION UPON SECLUSION

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

55. Defendant's persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone.

56. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

57. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

58. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

59. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

60. By continuing to call Plaintiff's cellular phone attempting to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

61. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

62. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

63. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff, REBECCA M. JIMENEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff's cellular phone and work phone; and

f. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT IV – EXEMPLARY DAMAGES, CAL. CIV, CODE §3294(A)

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. Section 3294 of the California Civil Code states that a plaintiff "may recover damages for the sake of example and by way of punishing the defendant" when the defendant "breach[ed] an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice". Cal. Civ. Code §3294(a).

66. Defendant violated their obligations not to harass, abuse, annoy, coerce, intimidate, or oppress Plaintiff, which obligations do not arise from contract but from statutes (TCPA and RFDCPA) and common law (Intrusion upon seclusion).

67. Defendants are guilty of oppression, fraud, or malice towards Plaintiff.

68. Therefore, Defendants are liable to Plaintiff for exemplary damages.

69. As described above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff, REBECCA M. JIMENEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff exemplary damages pursuant to Cal. Civ. Code §3294(A);

    c. Award Plaintiff punitive damages;

    d. Award Plaintiff her reasonable attorney's fees & costs;

    e. Enjoining Defendant from contacting Plaintiff's cellular phone and work phone; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Dated: July 30, 2019

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com