1  TROUTMAN SANDERS LLP
   Chad Fuller, Bar No. 190830
2  chad.fuller@troutman.com
   Jessica R. Lohr, Bar No, 302348
3  Jessica.lohr@troutman.com
   11682 El Camino Real, Suite 400
4  San Diego, CA  92130-2092
   Telephone:    858-509-6000
5  Facsimile:    858-509-6040

6  Attorney for Defendant
   JORA, INC., improperly named as JORA
7  CREDIT HOLDINGS, LLC d/b/a JORA, INC.

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  REBECCA M. JIMENEZ, | **CASE NO. 2:19-CV-06580-DMG-RAO** |
| 11              Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 12       v. | |
| 13  JORA CREDIT HOLDINGS, LLC, doing business as JORA, INC., | Complaint Filed:  07/30/2019 |
| 14              Defendant. | |
| 15 | |

16

17       Defendant Jora, Inc. ("Jora"), improperly named as Jora Credit Holdings, LLC, d/b/a Jora,

18  Inc., hereby answers the Complaint of Plaintiff Rebecca M. Jimenez ("Plaintiff").  Except as

19  expressly admitted herein, every allegation in the Complaint is denied.

20              **NATURE OF THE ACTION**

21       1.       Plaintiff brings this action seeking redress for Defendant's violations of the

22  Telephone Consumer Protection Act ("TCPA") pursuant 47 U.S.C. § 227, violations of the

23  Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788,

24  violations of Invasion of Privacy, intrusion upon seclusion, and Exemplary Damages pursuant to

25  Cal. Civ. Code §3294(a) for Defendant's unlawful conduct.

26       **ANSWER:**  Paragraph 1 of the Complaint contains a general description of the lawsuit to

27  which no response is required.  Jora denies all claims in the Complaint alleging that it violated the

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

TCPA or RFDCPA, or that it is liable for invasion of privacy, intrusion upon seclusion, or exemplary damages.

## JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§1331, and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U. S .C. §1367.

**ANSWER:**  Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 2, they are denied. Jora specifically denies all claims in the Complaint alleging that it violated the TCPA.

3      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California, and Plaintiff resides in the Central District of California.

**ANSWER:**  Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4.      Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.0 §1692a(3).

**ANSWER:**   Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

5.      Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant uses the mail and/or telephone for the principal purpose of collecting high interest loans from consumers on a nationwide basis, including consumers in the State of California.

**ANSWER:**  Jora denies that the entity Jora Credit Holdings, LLC conducts any business in California.  Jora further states that the Jora is a Delaware corporation that conducts business in California as a licensed lender, making loans only to California consumers.  Jora also services

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

such loans, including collecting by phone.  Jora denies the remaining allegations in Paragraph 5 of the Complaint.

6.       Upon information and belief, Defendant Jora Credit Holdings, LLC contacts debtors of Jora, Inc. in attempts to collect debts owed to Jora Inc., or is otherwise personally and directly involved in Jora Inc.'s collection attempts.

**ANSWER:**  Jora denies the allegations contained in Paragraph 6 of the Complaint.

7       Defendant acted through it [sic] agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**ANSWER:**  Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 7, they are denied.

### FACTS SUPPORTING CAUSE OF ACTION

8.       On or around July 2018, Plaintiff applied for and obtained an installment loan of $2,600 ("subject debt") with an annual interest rate above 180% from Defendant.

**ANSWER:**  Jora denies the allegations set forth in Paragraph 8 of the Complaint.  Jora further states that in January 2019, it made an installment loan in the amount of $2,600 to Plaintiff.

9.       Plaintiff was making timely payments on the subject debt until she fell on financial hardship due to the high interest rate.

**ANSWER:**  Jora denies the allegations contained in Paragraph 9 of the Complaint. Jora further states that Plaintiff was not timely making payments on her account.  Instead, she has only made four payments since taking out the loan, two of which were made past the due date, and the total of all four payments equaled less than one-third of the amount she borrowed.  Jora further states that in the call recordings relating to Plaintiff's account, she never once mentioned the interest rate as a basis for her financial hardship.

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

**JURISDICTION AND VENUE**

10.     In April 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (323) XXX-7314.

**ANSWER:**   The allegations in Paragraph 10 of the Complaint refer to documentary evidence and call recordings.   To the extent that the allegations are inconsistent with the documentary evidence and call recordings, Jora denies the same.

11.     At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 7314. Plaintiff is and always has been financially responsible for her cellular phone and its services.

**ANSWER:**   Jora is without sufficient information to admit or deny the allegations contained in paragraph 11, and therefore denies the same.

12.     Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. Defendant demanded that Plaintiff make an immediate payment on the subject debt. In that call, Plaintiff explained to Defendant that she was in the process of filing for bankruptcy. Plaintiff provided Defendant her attorney's contact information and demanded that Defendant cease calling her and only communicate with her attorney.

**ANSWER:**   Jora denies the allegations contained in Paragraph 12 of the Complaint. Jora further states that in that call, it did not demand immediate payment, Plaintiff did not say that she was in the process of filing for bankruptcy and indeed the word bankruptcy was not used on the call, Plaintiff did not say she was represented by counsel, and Plaintiff did not provide an attorney's contact information.  Further, Plaintiff never revoked consent to be called, she never demanded that Jora cease calling her, and Plaintiff never demanded that Jora only communicate with an attorney.  Instead, Plaintiff said she had financial problems and that she had begun that day working with a debt consolidation company, but she never had such company contact Jora or submit a power of attorney form.

13.     Despite requesting Defendant to cease calling her cellular telephone and to only contact her attorney, Defendant continued calling Plaintiff directly; knowing Plaintiff was represented by an attorney.

- 4 -

**ANSWER:** Jora denies the allegations contained in Paragraph 13 of the Complaint. Jora further states that in the call recordings relating to Plaintiff's account, Plaintiff never revoked consent to be called, Plaintiff never demanded that Jora cease calling her, and Plaintiff never demanded that Jora only communicate with her attorney. Instead, Plaintiff indicated that she was working with a debt consolidation company, but she never caused that company to contact Jora or submit a power of attorney.

14. Many times, Defendant called Plaintiff multiple times in one day and on back to back days.

**ANSWER:** The allegations in Paragraph 14 of the Complaint refer to documentary evidence and call recordings. To the extent that the allegations are inconsistent with the documentary evidence and call recordings, Jora denies the same.

15. Notwithstanding Defendant's lack of prior consent and Plaintiff's request that Defendant's collection calls cease, Defendant unconscionably placed or caused to be placed numerous calls to Plaintiff's cellular telephone between April 2019 through the present day, in an attempt to collect on the subject debt.

**ANSWER:** Jora denies the allegations contained in Paragraph 15 of the Complaint. Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement. Plaintiff never revoked such consent. In addition, Jora states that in the call recordings relating to Plaintiff's account Plaintiff never demanded that Jora cease calling her. Jora also denies that any calls made to Plaintiff continued through "present day," instead the call records show that the last call attempt was made on June 19, 2019, nearly six weeks before the Complaint was filed.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

**ANSWER:** Jora denies the allegations contained in Paragraph 16 of the Complaint. Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement. Plaintiff never revoked such consent. In addition, Jora states that in the call recordings relating to

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

Plaintiff's account, Plaintiff never demanded that Jora cease calling her.  At no time, did Jora's conduct constitute harassment.

17.     In the calls that Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

**ANSWER:**  Jora is without sufficient information to admit or deny the allegations contained in paragraph 17, and therefore denies the same.

18.     Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

**ANSWER:**  Jora is without sufficient information to admit or deny the allegations contained in paragraph 18, and therefore denies the same.

19.     Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

**ANSWER:**  Jora is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20.     Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the payday loan industry to collect defaulted debts.

**ANSWER:**  Jora denies the allegations contained in Paragraph 20 of the Complaint. Jora further states that none of the calls at issue in the Complaint were made using an ATDS.

21.     The phone numbers that Defendant most often used to contact Plaintiff were (714) 352-0252, (714) 361-9257, (714) 361-9269, and (714) 408-2707, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

**ANSWER:**  The allegations in Paragraph 21 of the Complaint refer to documentary evidence and call recordings.  To the extent that the allegations are inconsistent with the documentary evidence and call recordings, Jora denies the same.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**DAMAGES**

22.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

**ANSWER:** Jora denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiffs cellular telephone capacity, wasting Plaintiffs time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

**ANSWER:** Jora denies the allegations contained in Paragraph 23 of the Complaint.

24.     In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiffs telephone number such that Plaintiff was unable to receive other phone calls.

**ANSWER:** Jora denies the allegations contained in Paragraph 24 of the Complaint.

25.     Plaintiff has expended time with her attorneys as a result of Defendant's conduct.

**ANSWER:** Jora denies the allegations contained in Paragraph 25 of the Complaint.

26.     Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**ANSWER:** Jora denies the allegations contained in Paragraph 26 of the Complaint. Jora also denies that it was necessary for Plaintiff to file this action in order for the calls to cease. Instead, the call records show that the last call attempt was made on June 19, 2019, nearly six weeks before the Complaint was filed.

**COUNT I — VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

27.     Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

**ANSWER:**  Jora incorporates the foregoing paragraphs as though they were stated at length herein.

28.   Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiffs cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

**ANSWER:**  Jora denies the allegations contained in Paragraph 28 of the Complaint.  Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff never revoked such consent.  In addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her.  Jora further states that none of the calls at issue in the Complaint were made using an ATDS.

29.   The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

**ANSWER:**  Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 29, they are denied. Jora specifically denies all claims in the Complaint alleging that it violated the TCPA.

30.   Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, and the pre-recorded messages requesting Plaintiff to call Defendant, Defendant used an ATDS to place calls to Plaintiffs cellular telephone.

**ANSWER:**  Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 30, they are denied. Jora further states that none of the calls at issue in the Complaint were made using an ATDS and specifically denies all claims in the Complaint alleging that it violated the TCPA.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

31.    Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

**ANSWER:**   Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 31, they are denied. Jora further states that none of the calls at issue in the Complaint were made using an ATDS and specifically denies all claims in the Complaint alleging that it violated the TCPA.

32.    Upon information and belief, the phone system Defendant used to place calls to Plaintiffs cellular phone has the capacity to dial numbers randomly or sequentially.

**ANSWER:**   Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 32, they are denied. Jora further states that none of the calls at issue in the Complaint were made using an ATDS and specifically denies all claims in the Complaint alleging that it violated the TCPA.

33.    Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiffs cellular telephone from April 2019 through the present day, using an ATDS without her prior consent.

**ANSWER:**  Jora denies the allegations contained in Paragraph 33 of the Complaint.  Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff never revoked such consent.  In addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her.  Jora further states that none of the calls at issue in the Complaint were made using an ATDS and specifically denies all claims in the Complaint alleging that it violated the TCPA.  Jora also denies that any calls made to Plaintiff continued through "present day," instead the call records show that the last call attempt was made on June 19, 2019, nearly six weeks before the Complaint was filed.

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

34.     Any prior consent, if any, was revoked by Plaintiffs verbal revocations.

**ANSWER:**  Jora denies the allegations contained in Paragraph 34 of the Complaint.  Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff never revoked such consent, verbally or otherwise.   In addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her.

35.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

**ANSWER:**  Jora denies the allegations contained in Paragraph 35 of the Complaint.

36.     Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

**ANSWER:**  Jora denies the allegations contained in Paragraph 36 of the Complaint.

37.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiffs expense.

**ANSWER:**  Jora denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant, through its agents, representatives, subsidiaries, vendors, third-party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**ANSWER:**  Jora denies the allegations contained in Paragraph 38 of the Complaint.

39.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**ANSWER:**  Jora denies the allegations contained in Paragraph 39 of the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.    Enjoining Defendant from contacting Plaintiff-, and

d.    Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Jora denies the allegations contained in Prayer for Relief section immediately following Paragraph 39 of the Complaint.

**COUNT II — VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

40.    Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

**ANSWER:**  Jora incorporates the foregoing paragraphs as though they were stated at length herein.

41.    Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

**ANSWER:**  Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

42.    The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

**ANSWER:**  Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

43.    Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**ANSWER:**  Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

a.    **Violation of Cal. Civ. Code § 1788.11(d)**

44.    The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1  **ANSWER:**  Paragraph 44 of the Complaint contains legal conclusions to which no

2  response is required. To the extent the allegations are contrary to the law, they are denied. Jora

3  specifically denies all claims in the Complaint alleging that it violated the RFDCPA.

4  45.    Defendant violated the RFDCPA when it continuously called Plaintiff's cellular

5  telephone after she notified it to stop calling and that she was represented by an attorney. This

6  repeated behavior of systematically calling Plaintiffs cellular telephone despite her demands was

7  done with the purpose of annoying Plaintiff into paying the subject debt.

8  **ANSWER:**  Jora denies the allegations contained in Paragraph 45 of the Complaint.  Jora

9  further states that Plaintiff provided express written consent to be called on her mobile phone,

10  including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff

11  never revoked such consent.   In addition, Jora states that in the call recordings relating to

12  Plaintiff's account, Plaintiff never demanded that Jora cease calling her and Plaintiff never

13  demanded that Jora only communicate with an attorney.  Jora further denies that it "continuously"

14  or "systematically" called Plaintiff or that it called Plaintiff with the purpose of annoying

15  Plaintiff.

16  46.    Moreover, Defendant was told clearly to stop calling Plaintiffs cellular telephone

17  and that she was represented by an attorney.

18  **ANSWER:**  Jora denies the allegations contained in Paragraph 46 of the Complaint.  Jora

19  further states that Plaintiff provided express written consent to be called on her mobile phone,

20  including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff

21  never revoked such consent.   In addition, Jora states that in the call recordings relating to

22  Plaintiff's account, Plaintiff never demanded that Jora cease calling her and Plaintiff never

23  demanded that Jora only communicate with an attorney.

24  47.    Defendant disregarded these requests, and continued its calls to Plaintiff, with the

25  goal of frustrating Plaintiff into paying the subject debt.

26  **ANSWER:**  Jora denies the allegations contained in Paragraph 47 of the Complaint.  Jora

27  further states that Plaintiff provided express written consent to be called on her mobile phone,

28  including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 12 -

never revoked such consent.  In addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her and Plaintiff never demanded that Jora only communicate with an attorney.  Jora further denies that it called Plaintiff with the purpose of frustrating Plaintiff.

48.    Defendant called Plaintiff with such frequency and consistency as to be unreasonable and constitute harassment of Plaintiff.

**ANSWER:**  Jora denies the allegations contained in Paragraph 48 of the Complaint.

**b.    Violations of RFDCPA § 1788.11(e)**

49.    The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

**ANSWER:**  Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. Jora specifically denies all claims in the Complaint alleging that it violated the RFDCPA.

50.    Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiffs pleas with the intent of harassing her.

**ANSWER:**  Jora denies the allegations contained in Paragraph 50 of the Complaint.  Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff never revoked such consent.  In addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her.  Jora further denies that it "systematically" called Plaintiff or that it called Plaintiff with the purpose of harassing Plaintiff.

51.    Furthermore, Defendant relentlessly contacted Plaintiff numerous times in one day and on back to back days, up to 4 times in one day. Placing such voluminous calls in short

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1  succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff

2  into making payment in violation of the RFDCPA.

3      **ANSWER:**  Jora denies the allegations contained in Paragraph 51 of the Complaint.

4      52.    Upon being told to stop calling and that Plaintiff was represented by an attorney,

5  Defendant had ample reason to be aware that it should cease its harassing campaign of collection

6  phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's

7  cellular telephone.

8      **ANSWER:**  Jora denies the allegations contained in Paragraph 52 of the Complaint.  Jora

9  further states that Plaintiff provided express written consent to be called on her mobile phone,

10  including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff

11  never revoked such consent.  In addition, Jora states that in the call recordings relating to

12  Plaintiff's account, Plaintiff never demanded that Jora cease calling her and Plaintiff never

13  demanded that Jora only communicate with an attorney.  Jora further denies that it called Plaintiff

14  with the purpose of harassing Plaintiff.

**PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff

17  be awarded damages from Defendant, as follows:

18      a.    Declare that the practices complained of herein are unlawful and violate the

19      aforementioned statute;

20      b.    Enjoining Defendant from continuing to call Plaintiff;

21      c.    Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

22      d.    Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code

23      § 1788.30(b);

24      e.    Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal.

25      Civ. Code § 1788.30(c); and

26      f.    Award any other relief as the Honorable Court deems just and proper.

27      **ANSWER:** Jora denies the allegations contained in Prayer for Relief section immediately

28  following Paragraph 52 of the Complaint.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

**COUNT III — INVASION OF PRIVACY—INTRUSION UPON SECLUSION**

53.     Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

**ANSWER:**  Jora incorporates the foregoing paragraphs as though they were stated at length herein.

54.     Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

**ANSWER:**  Jora denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant's persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone

**ANSWER:**  Jora denies the allegations contained in Paragraph 55 of the Complaint.

56.     All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy

**ANSWER:**  Jora denies the allegations contained in Paragraph 56 of the Complaint.

57.     The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

**ANSWER:**  Jora denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

**ANSWER:**  Jora denies the allegations contained in Paragraph 58 of the Complaint.

59.     These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

**ANSWER:**  Jora denies the allegations contained in Paragraph 59 of the Complaint.

60.     By continuing to call Plaintiff's cellular phone attempting to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

**ANSWER:**  Jora denies the allegations contained in Paragraph 60 of the Complaint.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

61.     As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

**ANSWER:**  Jora denies the allegations contained in Paragraph 61 of the Complaint.  Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff never revoked such consent.  Jora further states that none of the calls at issue in the Complaint were made using an ATDS.

62.     Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

**ANSWER:**  Jora denies the allegations contained in Paragraph 62 of the Complaint.  Jora further states that Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement.  Plaintiff never revoked such consent.   In addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her.  Jora further states that none of the calls at issue in the Complaint were made using an ATDS

63.     Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**ANSWER:**  Jora denies the allegations contained in Paragraph 63 of the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

a.     Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.     Awarding Plaintiff actual damages;

c.     Award Plaintiff punitive damages;

d.     Award Plaintiff her reasonable attorney's fees & costs;

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

e.       Enjoining Defendant from contacting Plaintiff's cellular phone and work phone; and

f.       Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Jora denies the allegations contained in Prayer for Relief section immediately following Paragraph 63 of the Complaint.

**COUNT IV — EXEMPLARY DAMAGES, CAL. CIV, CODE §3294(A)**

64.       Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

**ANSWER:**   Jora incorporates the foregoing paragraphs as though they were stated at length herein.

65.       Section 3294 of the California Civil Code states that a plaintiff "may recover damages for the sake of example and by way of punishing the defendant" when the defendant "breach[ed] an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice". Cal. Civ. Code §3294(a).

**ANSWER:**   Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

66.       Defendant violated their obligations not to harass, abuse, annoy, coerce, intimidate, or oppress Plaintiff, which obligations do not arise from contract but from statutes (TCPA and RFDCPA) and common law (Intrusion upon seclusion).

**ANSWER:** Jora denies the allegations contained in Paragraph 66 of the Complaint.

67.       Defendants are guilty of oppression, fraud, or malice towards Plaintiff.

**ANSWER:** Jora denies the allegations contained in Paragraph 67 of the Complaint.

68.       Therefore, Defendants are liable to Plaintiff for exemplary damages.

**ANSWER:** Jora denies the allegations contained in Paragraph 68 of the Complaint.

69.       As described above, Plaintiff was harmed by Defendant's actions and inactions.

**ANSWER:** Jora denies the allegations contained in Paragraph 69 of the Complaint.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Awarding Plaintiff exemplary damages pursuant to Cal. Civ. Code §3294(A);

c.    Award Plaintiff punitive damages;

d.    Award Plaintiff her reasonable attorney's fees & costs;

e.    Enjoining Defendant from contacting Plaintiff's cellular phone and work phone; and

f.    Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Jora denies the allegations contained in Prayer for Relief section immediately following Paragraph 69 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Jora hereby asserts the following affirmative and other defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Jora reserves the right to amend its Answer to add additional defenses consistent with the facts discovered in the case.

**FIRST DEFENSE**

1.    Jora avers that all of the claims in the Complaint fail to state a plausible claim against Jora upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

**SECOND DEFENSE**

2.    Jora avers that the Complaint fails because Jora had prior express consent for all telephone calls placed to a cellular telephone number. Specifically, Plaintiff provided express written consent to be called on her mobile phone, including with an autodialer, in her application for credit and in her loan agreement. Plaintiff never revoked such consent through any means. In

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

addition, Jora states that in the call recordings relating to Plaintiff's account, Plaintiff never demanded that Jora cease calling her and Plaintiff never demanded that Jora only communicate through an attorney.

**THIRD DEFENSE**

3.      Jora avers that the Complaint fails because Plaintiff may not be the subscriber of the telephone numbers.

**FOURTH DEFENSE**

4.      Jora avers that the Complaint fails because it does not use an automatic telephone dialing system as defined under the TCPA, 47 U.S.C. § 227, *et seq.*

**FIFTH DEFENSE**

5.      Jora acted reasonably and prudently under the circumstances.

**SIXTH DEFENSE**

6.      Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

**SEVENTH DEFENSE**

7.      Plaintiff's claims may be barred, in whole or in part, by the principles of *res judicata*, collateral estoppel, and judicial estoppel.

**EIGHTH DEFENSE**

8.      Plaintiff's claims may be barred, in whole or in part, by the principles of set off or recoupment.

**NINTH DEFENSE**

9.      Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Jora continues to deny, were the result of acts or omissions of third persons over whom Jora had neither control nor responsibility.

**TENTH DEFENSE**

10.     Plaintiff's claims are barred to the extent that Jora has substantially complied with the requirements of the TCPA.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**ELEVENTH DEFENSE**

11.     Plaintiff's claims are barred to the extent that Jora has substantially complied with the requirements of the RFDCPA.

**TWELFTH DEFENSE**

12.     The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks standing.

**THIRTEENTH DEFENSE**

13.     Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation.  Accordingly, this matter should be dismissed and/or stayed pending arbitration. As Jora's review of its documents is still ongoing, Jora specifically reserves its right to compel arbitration of Plaintiff's claims.  Neither the filing of this Answer or any of the allegations in this Answer are intended by Jora to be, nor should they be construed to be, an abandonment of Jora's right to arbitrate all of the claims in the Complaint.  Nor should the filing of this Answer be intended or construed as an act which is inconsistent with its right to arbitrate all of the claims raised against it in the Complaint.

**FOURTEENTH DEFENSE**

14.     This Court does not have personal jurisdiction over the entity Jora Credit Holdings, LLC, which does not conduct business in California and does not maintain its principal place of business in California.

**FIFTEENTH DEFENSE**

15.     Jora reserves the right to amend its Answer to add such additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Defendant Jora, Inc., improperly named as Jora Credit Holdings, LLC, d/b/a Jora, Inc., having fully responded to Plaintiff's Complaint, respectfully requests:

(a)     that the Court enter judgment in favor of Jora and against Plaintiff on the claims in Plaintiff's Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice;

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1

        (b)    that the Court award Jora its costs, including reasonable attorneys' fees,

2

incurred in connection with this action; and

3

        (c)    that the Court award Jora such other and further legal or equitable relief as

4

the Court deems appropriate.

5

Dated:   October 1, 2019                    **TROUTMAN SANDERS LLP**

6

7

8

By: */s/ Chad R. Fuller*
                                          Chad Fuller
9                                         Jessica Lohr

10                                        *Attorney for Defendant*
                                          JORA, INC., improperly named as JORA
11                                        CREDIT HOLDINGS, LLC d/b/a JORA,
                                          INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092